NO. 07-05-0335-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 11, 2007

_____


KODY KOTHMANN, APPELLANT

V.

CLINT COOK, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-543,094; HONORABLE SAM MEDINA, JUDGE

_____

Before CAMPBELL, PIRTLE, and BOYD, JJ.[1]


**MEMORANDUM OPINION**


Appellant, Kody Kothmann, appeals an order granting a no-evidence motion for summary judgment in favor of Appellee, Clint Cook. By two issues, he contends the trial court erred (1) because the summary judgment evidence raised a genuine fact issue, and

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

(2) by striking an affidavit that would have raised a genuine fact issue.  Finding no error, we affirm.

## Background

This controversy has been before this Court on two previous occasions; therefore, except as essential to the merits of this appeal, the details need not be restated a third time.  Reference is made to our previous opinions for the background facts.[2]

On June 8, 1993, Kothmann filed suit against Cook and others asserting various claims, including breach of fiduciary duty.  All claims against other parties have been previously disposed of and Kothmann has waived all claims and causes of action against Cook, save and except his claim for breach of fiduciary duty.[3]

On April 7, 2005, Cook filed a no-evidence motion for summary judgment alleging "[n]o evidence exists to show [Cook] either breached any duty owed to [Kothmann] or that [Cook's] alleged breach caused harm to [Kothmann]."  Kothmann failed to file a timely response, leading the trial court to grant summary judgment on May 20, 2005.  The trial court subsequently granted Kothmann a new trial and leave to file a response.  On June

---

[2]*Scanio v. McFall,* 877 S.W.2d 888 (Tex.App.–Amarillo 1994, no writ).  *Kothmann v. Cook,* 113 S.W.3d 471 (Tex.App.–Amarillo 2003, no pet.)

[3]Kothmann neither argues nor presents authority contesting the trial court's implicit granting of summary judgment on the other causes of action asserted in *Plaintiff's Fourth Amended Original Petition.*  As such, he waives any error as to those claims.  *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119 (Tex. 1970).

2

24, 2005, Kothmann filed a response which consisted of (a) a copy of *Plaintiff's Fourth Amended Petition*, (b) the *Affidavit of Kody Kothmann* dated June 24, 2005, and (c) the *Affidavit of Steven L. Lee*, dated June 23, 2005. Kothmann's affidavit set forth pertinent facts and expressed the opinion that Cook had breached a fiduciary duty owed to Kothmann, thereby causing damages. Lee's affidavit, which purported to be an expert affidavit, also expressed the opinion that Cook had breached a fiduciary duty owed to Kothmann.

Cook filed a motion objecting to these affidavits and on July 22, 2005, the trial court conducted a hearing on that motion. At that hearing, the trial court sustained objections to both affidavits, striking the Lee affidavit in its entirety and striking that portion of Kothmann's affidavit which purported to give an expert opinion on the issue of breach of a fiduciary duty. The trial court's rulings were never reduced to a written order; however, they are contained in the reporter's record of that hearing.

Thereafter, Kothmann filed the *Supplemental Affidavit* of Lee and a new affidavit of his own, both of which were acknowledged on July 29, 2005. On August 1, 2005, Cook filed his *Response to and Motion to Strike Plaintiff's Amended Summary Judgment Affidavits* and on that same day, the trial court entered an order purporting to grant that motion. On August 16, 2005, the trial court granted Cook's no-evidence motion for summary judgment without specifying the basis of its ruling.

3

By his first issue, Kothmann alleges the trial court erred in granting Cook's no-evidence motion for summary judgment. By his second issue, he alleges the trial court erred in striking his affidavit in its entirety. We disagree.

## Standard of Review

In reviewing a no-evidence summary judgment, this Court must apply well-established standards. Under Texas Rule of Civil Procedure 166a(i), after an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence to support at least one of the essential elements of the non-movant's claim or defense. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). A no-evidence motion for summary judgment must specifically set forth the elements of the non-movant's claim or defense for which there is no evidence. *Id.* When properly raised, the burden shifts and the trial court must grant summary judgment unless the adverse party produces sufficient summary judgment evidence raising a genuine issue of material fact. *Forbes, Inc. v. Granada Biosciences*, 124 S.W.3d 167, 172 (Tex. 2003); *Johnson v. Brewer & Pritchard*, *P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard we apply in reviewing a directed verdict. *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Roth v. FFP Operating Partners*, 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet denied.); *Jackson v. Fiesta Mart*, *Inc.*, 979 S.W.2d 68, 70 (Tex.App.–Austin 1998, no pet.) Accordingly, we must

4

ascertain whether the non-movant has produced any evidence of probative force to raise a fact issue on a material issue and we must consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *Merrell Dow Pharmaceuticals v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S. 1119 (1998). A no-evidence summary judgment is not proper if the non-movant has presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart*, *Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

When an order granting summary judgment does not specify the grounds upon which it was granted, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Rogers v. Ricane Enterprises.*, *Inc.*, 772 S.W.2d 76, 79 (Tex. 1989); *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.–Houston [1st Dist.] 1990, no writ). Therefore, when the order granting summary judgment does not specify the grounds upon which it is granted, a non-movant will defeat a no-evidence summary judgment only by presenting competent summary judgment evidence on every element of his claim or defense for which the movant has asserted there is no evidence.

**Breach of Fiduciary Duty**

The elements of breach of fiduciary duty are: (1) a fiduciary relationship between the plaintiff and the defendant; (2) the defendant must have breached its fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex.App.–Texarkana 2004, no pet.). Cook maintains the trial court did not err in granting summary judgment because there is no evidence of either the second or third elements.

**Summary Judgment Evidence**

**(A) Steven L. Lee Affidavits**

As part of his summary judgment response evidence, Kothmann submitted the June 23, 2005, affidavit of his expert witness, Steven L. Lee. Cook moved to strike this affidavit. The trial court conducted a hearing on Cook's motion to strike and orally pronounced that the affidavit would be stricken in its entirety; however, the court never signed an order to that effect. Prior to the enactment of Rule 33.1(a)(2)(A) of the Texas Rules of Appellate Procedure, it was clear that unless an order sustaining an objection to summary judgment evidence was reduced to writing, signed, and entered of record, the evidence remained part of the summary judgment evidence for consideration by the trial court. *Banowsky v. State Farm Mut. Auto. Ins. Co.*, 876 S.W. 2d 509, 513 (Tex.App.–Amarillo 1994, no writ); *Eads v. American Bank, N.A.*, 843 S.W.2d 208, 211 (Tex.App.–Waco 1992, no writ). However, where a hearing has been held on the motion, and the trial court has clearly and unequivocally sustained the objection, the objected to evidence does not form part of the

6

summary judgment evidence. *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 421 (Tex.App.–Dallas 2002, no pet.); *Rogers v. Continental Airlines*, *Inc.*, 41 S.W.3d 196, 200 (Tex.App.–Houston [14th Dist.] 2001, no pet.). Kothmann did not assign error to the exclusion of Steven L. Lee's affidavit of June 23rd.

After the trial court orally struck Lee's June 23rd affidavit, Kothmann filed a second affidavit of Steven L. Lee dated July 29, 2005. On August 1, 2005, the trial court entered its *Order Granting Defendant's Response to and Motion to Strike Plaintiff's Amended Summary Judgment Affidavits* striking the July 29th affidavit. Kothmann did not assign error to the exclusion of Steven L. Lee's affidavit of July 29th.

Evidence which has been excluded by written order or ruling of the court is not part of the summary judgment evidence to be considered. *Rayl v. Borger Econ. Dev. Corp.,* 963 S.W.2d 109, 113 (Tex.App.–Amarillo 1998, no pet.). Therefore, neither of the two Steven L. Lee affidavits constitute part of the competent summary judgment evidence in this case.

**(B) Kody Kothmann Affidavits**

As part of his summary judgment response evidence, Kothmann also submitted his own affidavit dated June 24, 2005. Cook moved to strike this affidavit. The trial court conducted a hearing on that motion and orally pronounced that the affidavit would be stricken as to those portions wherein Kothmann attempted to give a legal opinion as to

whether Cook breached a standard of care owed to him. Kothmann did not assign error to the exclusion of this portion of that affidavit.

After the trial court orally struck portions of Kothmann's June 24th affidavit, he also filed a second affidavit dated July 29, 2005. This second affidavit was struck in its entirety by the August 1, 2005 order. By his second issue, Kothmann alleges that the trial court erred by excluding his July 29th affidavit. Kothmann contends that this affidavit would have raised a genuine fact issue precluding Cook's no-evidence motion for summary judgment.

**Analysis**

Because the order granting Cook's motion for summary judgment did not specify the grounds upon which it was granted, this Court must affirm the judgment if any of the theories advanced by Cook are meritorious. *Carr*, 776 S.W.2d at 569.

Cook's motion for summary judgment specifically sets forth the elements which he contends there is no evidence of, to wit: (1) breach of a duty owed, and (2) causation of damages. Having properly pleaded a no-evidence summary judgment claim, the burden shifted to Kothmann to show a scintilla of summary judgment evidence raising a genuine fact issue as to each of these elements.

Claims based upon a breach of fiduciary duty require expert testimony on the issues of breach and causation of damages where the determination of those issues "is not one that lay people would ordinarily be competent to make." *Arce v. Burrow*, 958 S.W.2d 239,

8

252 (Tex.App.–Houston [14th Dist.] 1997), *aff'd in part*, *rev'd in part on other grounds*, 997 S.W.2d 229 (Tex.1999); *Alexander v. Turtur & Associates*, *Inc.*, 146 S.W.3d 113, 199-20 (Tex. 2004). Thus, the question before us is whether the breach, causation, and damages issues in this case are plainly within the common knowledge of laymen.

Kothmann's claim against Cook is predicated on a lengthy set of circumstances involving questions of legal representation and fiduciary duties. The facts at issue transcend a period of over five years, involving litigation in multiple counties, before several different judges, on numerous legal theories. The seminal dispute centers around Cook's appearance at a hearing on the motion of Kothmann's ex-wife to revoke an order suspending imposition of a contempt sentence in suit affecting the parent-child relationship. The hearing at issue also involved a determination of the priority of interests in property which was the subject of a turnover order. Under those circumstances, as a matter of law, a layman could not be expected to ascertain, without guidance from a legal expert, whether Cook breached a fiduciary duty owed to Kothmann arising from their attorney-client relationship, or whether there was a cause in fact relationship between Cook's conduct and Kothmann's claimed damages. Therefore, expert testimony was required to raise a fact issue as to whether Cook breached a fiduciary duty owed to Kothmann, as well as whether such a breach, if any, proximately caused Kothmann's damages.

As a layman, Kothmann could not provide relevant summary judgment evidence on an issue requiring expert testimony. Because Kothmann's affidavits could not provide the requisite summary judgment evidence, we conclude the trial court did not err by excluding his July 29th affidavit. Kothmann's second issue is overruled.

Furthermore, because the two affidavits of Steven L. Lee were excluded from consideration, we conclude Kothmann failed to raise a scintilla of expert evidence as to whether Cook breached a fiduciary duty owed to Kothmann. Without expert testimony, Kothmann also failed to raise a scintilla of evidence as to whether such a breach, if any, proximately caused him to suffer any damages. Issue one is overruled.

Accordingly, we hold the trial court did not err in granting Cook's motion for summary judgment. The order of the trial court granting summary judgment is affirmed.

Patrick A. Pirtle
Justice