

# NUMBER 13-14-00231-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes[1]**

Relator, Old American County Mutual Fire Insurance Company ("Old American"),

filed a petition for writ of mandamus in the above cause on April 21, 2014 contending that

the trial court[2] abused its discretion in denying Old American's plea to the jurisdiction.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Federico Garza Jr., Presiding Judge of the County Court at Law No. Four of Hidalgo County, Texas.

Specifically, Old American asserts that the trial court's plenary power expired before Melissa Rosales, the real party in interest, attempted to add Old American as a defendant to the underlying turnover proceedings, and the trial court may not adjudicate Old American's substantive rights in the turnover proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West, Westlaw through 2013 3d C.S.). We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Rosales was involved in an automobile accident with Maria Elide Moreno and Alfredo Moreno. Lindsay General Insurance Agency, LLC ("Lindsay General") issued the Morenos' automobile insurance policy as a managing general agent for Old American. Rosales filed suit against the Morenos in County Court at Law No. Four of Hidalgo County, Texas. The Morenos failed to answer or appear. On February 5, 2009, Rosales obtained a default judgment against the Morenos for $749,000 for the personal injuries that she sustained in the accident.

On or about February 1, 2010, Rosales filed an application for turnover relief seeking turnover of any and all causes of action owned by the Morenos against Lindsay General. According to the application for turnover relief, "although duly notified of the lawsuit," Lindsay General failed to provide a defense for the Morenos by failing to answer the lawsuit, failing to file a motion for new trial, and allowing the judgment against the Morenos to become final.

On or about August 11, 2010, Rosales filed a first amended application for turnover relief, again seeking turnover of the Morenos' causes of action against Lindsay General, but also seeking turnover of any and all causes of action owned by the Morenos against

2

Old American. In her amended application, Rosales asserted that the trial court "possesses jurisdiction pursuant to its inherent authority to enforce its judgment and pursuant to the Turnover Statute," and "[o]nce assignment is granted, [Rosales] is also stating a cause of action against Respondents Lindsay General and Old American." The amended application includes specific causes of action against Lindsay General and Old American for, inter alia, breach of contract, negligence, and breach of the duty to defend. The amended application includes a request for citation and service on Old American.

In response to the amended application, Old American and Lindsay General filed an "Original Answer, Special Exceptions, and Response." This pleading included the specific denial that Old American and Lindsay General "are not proper parties" to the turnover proceeding. According to the answer, the turnover statute does not grant the trial court jurisdiction over third parties, authorize the trial court to require a third party to act, or allow for a determination of the merits of any actual or potential claims against third parties or the substantive rights and obligations of third parties. Old American asserted that the trial court lacked jurisdiction over it and Rosales was required to file a new and separate lawsuit against it if the trial court granted turnover relief in her favor.

On October 25, 2010, the trial court signed an order granting Rosales's first amended application for turnover relief and ordered that "any and all causes of action which Maria Elide Moreno and/or Alfredo Moreno possess [against Old American], including any cause of action for failure to defend and *Stowers* cause of action" are assigned to Rosales "who can prosecute such claims." *See G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved); *see also Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994).

On March 15, 2013, Rosales filed a motion for summary judgment against Old American on her *Stowers* cause of action. On April 24, 2013, Old American filed a response to the motion for summary judgment reiterating its claims that the trial court lacked jurisdiction over it as a non-party to the turnover proceeding.

On or about April 25, 2013, Old American filed a plea to the jurisdiction in which it contended, inter alia, that the trial court lacked jurisdiction because "a plaintiff cannot use a turnover proceeding to assert causes of action against a non-party to the underlying proceeding" after the trial court has lost plenary jurisdiction. On July 10, 2013, Rosales filed a response to the plea in which she asserted that the trial court had jurisdiction to enforce its judgment and the lawsuit "is merely part of the collection efforts, which it is expressly authorized to adjudicate." Rosales asserted that her amended application for turnover relief, which she referred to as a "petition," "clearly seeks adjudication of such assigned claims in a separate trial, and not as part of [her] requested turnover relief."

On July 10, 2013, the trial court held a hearing on Rosales's motion for summary judgment and Old American's plea to the jurisdiction. On July 29, 2013, the trial court denied Rosales's motion for summary judgment, but did not immediately rule on Old American's plea to the jurisdiction. Rosales thereafter propounded written discovery requests to Old American. On November 27, 2013, Old American filed a motion for protective order regarding the discovery requests.

On December 16, 2013, the trial court held a hearing on Old American's motion for protective order and an additional hearing on its plea to the jurisdiction. By order signed on April 4, 2014, the trial court denied Old American's plea to the jurisdiction, but

4

granted the motion for protective order for the purpose of allowing Old American to seek review regarding the denial of its plea to the jurisdiction.

This original proceeding ensued. By two issues, Old American asserts that the trial court clearly abused its discretion in denying the plea to the jurisdiction and that it lacks an adequate remedy by appeal. This Court requested and received a response to the petition for writ of mandamus from Rosales, and has also received a reply thereto from Old American.

## II. STANDARD OF REVIEW

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.

5

2008) (orig. proceeding).  We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## III. ANALYSIS

As stated previously, Old American contends that the trial court committed a clear abuse of discretion by denying the plea to the jurisdiction.  In connection with this issue, Old American asserts that the trial court's plenary power expired before Rosales attempted to add Old American as a defendant in the underlying turnover proceedings and a trial court may not adjudicate a third party's substantive rights in a turnover proceeding.  In contrast, Rosales asserts that the trial court has the jurisdiction to enforce its own judgments and to adjudicate claims; that Texas policy favors the liberal joinder of claims; and that she is allowed to join her turnover action and assertion of the claims subject to turnover in one cause of action.[3]  Rosales asserts that even if the joinder of these claims was improper, the error would be procedural in nature rather than jurisdictional.

---

[3] More specifically, Rosales raises eleven issues in her response to the petition for writ of mandamus:

| | |
|---|---|
| (1) | Is mandamus an exceptional remedy, strictly limited in its application? |
| (2) | Is a litigant the master of his own pleadings? |
| (3) | Is this Court bound by the record as it finds it, or can it rewrite the record? |
| (4) | Can a relator obtain mandamus relief by distorting the underlying record? |
| (5) | Does County Court at Law No. 4 possess jurisdiction to adjudicate claims? |
| (6) | Does a trial court possess jurisdiction to enforce its decrees? |
| (7) | Does Texas follow a policy of liberal joinder? |
| (8) | Can a party join his claims seeking assignment of a judgment debtor's claims, and the adjudication of claims resulting from the assignment? |
| (9) | Are procedural errors jurisdictional? |
| (10) | Is joinder jurisdictional? |
| (11) | Does an error in joinder of parties and/or claims render the resulting judgment void? |

6

## A. PLENARY JURISDICTION AND THE ENFORCEMENT OF JUDGMENTS

A trial court retains plenary jurisdiction for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)-(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). During this period of time, the trial court's plenary jurisdiction may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e),(g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. In any event, the court's plenary power may not be extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Outside its plenary power, the actions that a trial court may take with respect to its judgment are limited. *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (combined app. & orig. proceeding); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A judgment or order rendered after plenary power has expired is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding); *Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Even after plenary power has expired, however, a trial court retains the inherent power to enforce its judgments. *See* TEX. R. CIV. P. 308 ("The court shall cause its judgments and decrees to be carried into execution."); *id.* R. 621 ("The judgments of the district, county, and justice courts shall be enforced by execution or other appropriate process."); *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) ("The general rule is that

7

every court having jurisdiction to render a judgment has the inherent power to enforce its judgments."). In enforcing a judgment; however, the trial court may not issue an order that is inconsistent with the original judgment or that otherwise constitutes a "material change in substantial adjudicated portions of the judgment." *Black v. Shor*, No. 13-11-00570-CV, 2013 WL 1687538, at *2 (Tex. App.—Corpus Christi Apr. 18, 2013, pet. denied) (quoting *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding [leave denied])); *see Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 387 (Tex. App.—Austin 2010, pet. denied); *Custom Corporates, Inc.*, 207 S.W.3d at 838; *Matz v. Bennion*, 961 S.W.2d 445, 452 (Tex. App.—Houston [1st Dist.] 1997, writ denied). "In addition, post-judgment orders may not require performance of obligations in addition to the obligations imposed by the final judgment." *Custom Corporates, Inc.*, 207 S.W.3d at 838; *see Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 195 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "This is particularly true when such orders purport to adjudicate the rights of non-parties." *Custom Corporates, Inc.*, 207 S.W.3d at 838.

The trial court rendered final judgment in the case on February 5, 2009. The trial court signed the turnover order against Old American on October 25, 2010, almost twenty months later. The trial court's plenary power had unquestionably expired by the time it issued the October 25, 2010 turnover order. *See* Tex. R. Civ. P. 329b(e), (g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Any document filed after the expiration of the trial court's plenary jurisdiction, other than a motion to enforce or clarify, would be a nullity because a suit ends when the trial court's plenary power over the proceeding ends. *See Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995). "The very purpose of limiting a trial court's plenary power over a proceeding is to foreclose the possibility of a suit continuing

8

indefinitely even though a final judgment has been obtained." *Malone v. Hampton*, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet.).

Rosales contends that the trial court's turnover order was issued in accordance with its inherent power to adjudicate claims and to enforce its judgment. In addition to the express grants of judicial power to the courts, trial courts possess certain "inherent powers" which are "woven into the fabric of the constitution." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979); *see Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 861 (Tex. App.—Austin 2013, pet. denied). The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *See Eichelberger*, 582 S.W.2d at 398. The power exists to enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity. *Id.* at 398–99. However, inherent power is not a substitute for plenary power. *See Lane Bank Equip. Co.*, 10 S.W.3d at 311; *In re Tex. Dep't of Family & Protective Servs.*, 415 S.W.3d 522, 530 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Hjalmarson v. Langley*, 840 S.W.2d 153, 155 (Tex. App.—Waco 1992, orig. proceeding); *see also State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (explaining that a trial court's inherent powers are administrative in nature and not jurisdictional). Accordingly, given that the trial court's actions were taken outside of its plenary jurisdiction and "inherent power" does not provide a basis for its actions, we must determine whether the trial court's actions in rendering the turnover order against Old American, and its subsequent orders retaining jurisdiction over Old American, were issued in accordance with its power to enforce its judgment.

**B. TURNOVER ORDERS**

A "turnover" order is a statutory procedural device through which judgment creditors may reach assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *Moyer v. Moyer*, 183 S.W.3d 48, 52 (Tex. App.—Austin 2005, no pet). The turnover statute is "purely procedural in nature." *Beaumont Bank, N.A.*, 806 S.W.2d at 227; *see Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App.—Dallas 2010, pet. denied); *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). The turnover statute permits judgment creditors to reach property that is in the possession of the debtor or subject to the debtor's control. *See Haden v. David J. Sacks, P.C.*, 332 S.W.3d 523, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321, 325 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

To obtain relief under the turnover statute, a judgment creditor must prove: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot readily be attached or levied on or by ordinary legal process." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *see Europa Int'l, Ltd.*, 315 S.W.3d at 656. A turnover order is proper if the conditions of the statute are met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Upon finding that the elements of section 31.002(a) are satisfied, a trial court has discretion to issue a range of remedies, including ordering the judgment debtor

to turn over nonexempt property that is in the debtor's possession, or is subject to the debtor's control, to a designated sheriff or constable for execution, and "appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b). The turnover order itself need not specify the property subject to turnover. *Id.* § 31.002(h); *Tanner*, 274 S.W.3d at 322.

There are two general limitations on the use of turnover orders that are applicable in the instant case. First, as a purely procedural device, the turnover statute may not be used to determine substantive rights. *See Partain v. Maples*, No. 13-12-00267-CV, 2013 WL 1914933, at *2 (Tex. App.—Corpus Christi May 9, 2013, no pet.); *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.); *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 438 (Tex. App.—San Antonio 1994, no writ); *Republic Ins. Co.*, 825 S.W.2d at 783; *Cravens, Dargan & Co. v. Peyton L. Travers Co.*, 770 S.W.2d 573, 576 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *see also Woody K. Lesikar Special Trust v. Moon*, No. 14-10-00119-CV, 2011 WL 3447491, at **5–7 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. denied) (mem. op.). Second, the turnover statute may not be used to determine the property rights of third parties. *See Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78, 79 (5th Cir. 1995); *Beaumont Bank, N.A.*, 806 S.W.2d at 227; *Turner Bros. Trucking, L.L.C. v. Baker*, 396 S.W.3d 672, 674 (Tex. App.—Dallas 2013, no pet.); *B.Z.B., Inc. v. Clark*, 273 S.W.3d 899, 904 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *In re Alsenz*, 152 S.W.3d 617, 623 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding); *Lozano v. Lozano*, 975 S.W.2d 63, 68 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Cross, Kieschnick & Co.*, 892 S.W.2d at 439; *Republic Ins. Co.*,

11

825 S.W.2d at 783; *Cravens, Dargan & Co.*, 770 S.W.2d at 576–77; *United Bank Metro v. Plains Overseas Group, Inc.*, 670 S.W.2d 281, 284 (Tex. App.—Houston [1st Dist.] 1983, no writ); *Steenland v. Tex. Commerce Bank Nat'l Ass'n*, 648 S.W.2d 387, 390–91 (Tex. App.—Tyler 1983, writ ref'd n.r.e.); *see also Elgohary v. Herrera Partners, L.P.*, No. 01-13-00193-CV, 2014 WL 2538556, at *3 (Tex. App.—Houston [14th Dist.] June 5, 2014, no pet.) (mem. op.); *In re Karlseng*, No. 05-14-00049-CV, 2014 WL 1018321, at *2 (Tex. App.—Dallas Feb. 12, 2014, orig. proceeding) (mem. op.).[4]  More specifically, the turnover statute does not create a right in the judgment creditors and debtors to initiate and incorporate in the turnover proceedings an entirely different law suit against a third

---

[4] Courts, including our own, have had some difficulty in construing the Texas Supreme Court's decisions regarding the application of the turnover statute to third parties. *Compare Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991), *with Schultz v. Fifth Jud. Dist. Ct. of App.*, 810 S.W.2d 738, 740 (Tex. 1991*), abrogated on other grounds, In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (per curiam). In *Beaumont Bank*, the supreme court held that "Texas courts do not apply the turnover statute to non-judgment debtors."  806 S.W.2d at 227.  In *Schultz*, the supreme court held that a turnover order which acted in the nature of a mandatory injunction was appealable. *Schultz*, 810 S.W.2d at 740. In so holding, the court stated that turnover orders could be issued "against one or more parties other than the judgment debtor" and that they act as a "mandatory injunction against the judgment debtor" and "against the receiver and any third parties interested in the property rights being adjudicated." *Id.*  Subsequently, however, the supreme court appeared to indicate otherwise.  "A turnover order that issues against a non-party for property not subject to the control of the judgment debtor completely bypasses our system of affording due process. Otherwise, a court could simply order anyone (a bank, an insurance company, or the like) alleged to owe money to a judgment debtor to hand over cash on threat of imprisonment." *Ex parte Swate*, 922 S.W.2d 122, 125 (Tex. 1996) (J. Gonzales, concurring).  A minority of courts, mostly following *Schultz*, have thus recognized a limited exception to the general rule prohibiting turnovers from being issued against parties other than the judgment debtor.  These cases have held that under certain circumstances, a turnover order may issue against a third party where the third party retains non-exempt property owned by a judgment debtor and subject to the debtor's possession or control. *See, e.g., Barrera v. State*, 130 S.W.3d 253, 259–60 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Lozano v. Lozano*, 975 S.W.2d 63, 68 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Dale v. Fin. Am. Corp.*, 929 S.W.2d 495, 498 (Tex. App.—Fort Worth 1996, writ denied); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 276–77 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Int'l Paper Co. v. Garza*, 872 S.W.2d 18, 19 (Tex. App.—Corpus Christi 1994, no writ); *Norsul Oil & Min. Ltd. v. Commercial Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex. App.—San Antonio, writ denied); *see also Premier Trailer Leasing, Inc. v. GTR Rental L.L.C.*, No. 02-09-00449-CV, 2011 WL 1901980, at *1 (Tex. App.—Fort Worth May 19, 2011, no pet.).  The minority viewpoint has been subject to criticism. *See, e.g., Maiz v. Virani*, 311 F.3d 334, 346 (5th Cir. 2002); *Parks v. Parker*, 957 S.W.2d 666, 668 (Tex. App.—Austin 1997, no pet.).  We need not explore the viability of this minority view or any potential application to this case because neither party has raised this issue or urged that this view applies under the circumstances present in this case.  Moreover, as discussed *infra*, whether or not a turnover order can issue against a third party, it cannot be utilized to adjudicate that third party's substantive rights in the original lawsuit after the expiration of plenary power.

party who is not a part of the original judgment. *B.Z.B., Inc.*, 273 S.W.3d at 904; *Kothmann v. Cook*, 113 S.W.3d 471, 475 (Tex. App.—Amarillo 2003, no pet.); *Republic Ins. Co.*, 825 S.W.2d at 783. As stated by this Court more than twenty years ago, "[a] court errs if it allows the judgment creditor to haul the potential defendant into the turnover action." *Charles v. Tamez*, 878 S.W.2d 201, 204 n.2 (Tex. App.—Corpus Christi 1994, writ denied). Thus, a judgment may be enforced against a non-party to the judgment only by bringing a separate suit alleging a basis for enforcing the judgment against that party. *Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 324 (5th Cir. 2006); *Maiz v. Virani*, 311 F.3d 334, 336 (5th Cir. 2002); *Resolution Trust Corp.*, 53 F.3d at 80; *Gerjets v. Davila*, 116 S.W.3d 864, 869 (Tex. App.—Corpus Christi 2003, no pet.); *Bay City Plastics, Inc.*, 106 S.W.3d at 324–25; *Cross, Kieschnick & Co.*, 892 S.W.2d at 439; *United Bank Metro*, 670 S.W.2d at 284; *see also In re Karlseng*, 2014 WL 1018321, at *2.

The underlying "Final Judgment" is between Rosales and Maria Elide Moreno and Alfredo Moreno. Old American was not a party to this judgment; nevertheless, the trial court's turnover order was issued against Old American. Rosales's first amended application for turnover relief sought turnover of the Morenos' causes of action against Old American and stated that "[o]nce assignment is granted" Rosales was also asserting causes of action against Old American for, inter alia, breach of contract, negligence, and breach of the duty to defend. The October 25, 2010 order granting turnover relief assigned the Morenos' causes of action against Old American to Rosales "who can prosecute such claims." Rosales has proceeded to seek discovery from Old American in this cause and has also sought relief on the merits against Old American by motion for summary judgment in this same turnover proceeding.

13

We conclude that the trial court abused its discretion in entering the turnover order against Old American, as a third party to that judgment, and allowing the litigation to proceed against Old American in that same cause. The turnover statute does not create a right for Rosales to initiate and incorporate in the turnover proceedings an entirely different lawsuit against Old American, a third party who is not part of the original judgment. *B.Z.B., Inc.*, 273 S.W.3d at 904; *Kothmann*, 113 S.W.3d at 475; *Republic Ins. Co.*, 825 S.W.2d at 783. As a purely procedural device, the turnover statute may not be used to determine Old American's substantive rights. *See, e.g., Partain*, 2013 WL 1914933, at *2; *D & M Marine, Inc.*, 409 S.W.3d at 857; *Cross, Kieschnick & Co.*, 892 S.W.2d at 438. Stated otherwise, the trial court had no power to issue an order that imposed obligations in addition to those reflected in that judgment. *See Custom Corporates, Inc.*, 207 S.W.3d at 839; *Bank One, N.A.*, 193 S.W.3d at 194–95.

## C. ADEQUACY OF REMEDY BY APPEAL

We now address whether Old American has an adequate remedy by appeal for the trial court's denial of its plea to the jurisdiction. Old American contends that it lacks an adequate remedy by appeal and mandamus is appropriate because the trial court is attempting to adjudicate claims after the expiration of its plenary power. In this regard, Old American asserts that its challenge stems from the trial court's attempt to adjudicate substantive claims, and not from the turnover order itself.[5] In contrast, Rosales contends

---

[5] In general, a turnover order is a final, appealable judgment. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995); *Schultz v. Fifth Jud. Dist. Ct. of App.*, 810 S.W.2d 738, 739 n. 3 (Tex. 1991), *abrogated on other grounds*, *In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (per curiam). Mandamus relief is usually not available if the order complained of is appealable, because an appeal is almost always an adequate remedy at law. *See Republican Party v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding). Accordingly, mandamus is not available to review turnover orders where an appellate remedy is adequate. *See, e.g., Int'l Paper Co. v. Garza*, 872 S.W.2d 18, 19 (Tex. App.—Corpus Christi 1994, no writ); *see also In re Dittmer*, No. 14-12-01070-CV, 2012 WL 5954167, at **1–2 (Tex. App.—Houston [14th Dist.] Nov. 29, 2012, orig. proceeding) (mem. op. per curiam); *In re*

that if the trial court erred, which she has denied, any error was merely the result of improper joinder or procedure and was not jurisdictional in nature.

In the instant case, Old American contends that the trial court's plenary jurisdiction expired before Rosales attempted to add it as a defendant in the turnover proceeding and that the court could not adjudicate Old American's substantive rights in the turnover proceeding. It is well-settled that mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.*, 250 S.W.3d at 68–69; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re CAS Cos.*, 422 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2014, orig. proceeding). Moreover, the attempted addition of third parties to a case after the rendition of judgment is a jurisdictional issue. *See Custom Corporates, Inc.*, 207 S.W.3d at 840 (concluding that the trial court lacked jurisdiction to enter a post-judgment order after the expiration of plenary power adjudicating the expenses and fees of a non-party to the judgment); *Republic Ins. Co.*, 825 S.W.2d at 784 ("However, he did not have the authority under the turnover statute to assume jurisdiction over Republic in this turnover action and to order a consolidation and trial of the bad faith claims against it in his court."); *see also In re Karlseng*, 2014 WL 1018321, at *2.

---

*Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at *1 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding); *In re Watson*, No. 02-05-00342-CV, 2005 WL 2838513, at *1 (Tex. App.—Fort Worth Oct. 27, 2005, orig. proceeding) (mem. op. per curiam). However, whether an appellate remedy is adequate depends heavily on the circumstances presented, *see In re Prudential*, 148 S.W.3d at 136–37, thus mandamus may be an appropriate method to review turnover orders in exceptional circumstances. *See, e.g., In re Hamel*, 180 S.W.3d 226, 229 (Tex. App.—San Antonio 2005, orig. proceeding); *In re Alsenz*, 152 S. W.3d at 621; *In re Sensitive Care Inc.*, 28 S.W.3d 35, 42 (Tex. App.—Fort Worth 2000, orig. proceeding); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 276–77 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Republic Ins. Co.*, 825 S.W.2d at 783–84; *see also In re Karlseng*, 2014 WL 1018321, at *2.

We conclude that Old American lacks an adequate remedy by appeal where it has been joined as a non-judgment debtor to a lawsuit by means of a turnover order, without separate adjudicative proceedings, after the expiration of the trial court's plenary power. *See In re Brookshire Grocery Co.*, 250 S.W.3d at 68–69; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Custom Corporates, Inc.*, 207 S.W.3d at 840; *Republic Ins. Co.*, 825 S.W.2d at 784; *see also In re Karlseng*, 2014 WL 1018321, at *2. Accordingly, mandamus review is available to remedy the trial court's ruling denying the plea to the jurisdiction.

## IV. THE RECORD

As a final matter, we note that Rosales asserts that Old American distorted the record below and in this original proceeding. According to Rosales, Old American's plea to the jurisdiction was based on "rewriting [her] pleadings to claim that she was seeking to hold [Old American] summarily liable in the turnover proceeding." Rosales asserts that the record shows that she was not seeking summary adjudication in the trial court because she both served Old American with process and filed a motion for summary judgment regarding her request for affirmative relief. Rosales thus states that "[Old American] is not permitted to rewrite [her] turnover motion and the procedural history to bolster its claims for lack of jurisdiction." Rosales contends that the petition is based on a "bowdlerized or expurgated version of the facts, facts not borne out by the actual record." Rosales asserts that this Court "must take the record as it finds it," although she "recognizes that such principle is ignored every day by Texas appellate courts." Rosales claims that Old American is merely "forum shopping" by filing the plea to the jurisdiction and by seeking mandamus relief in this Court.

16

We have carefully reviewed the petition and record in this original proceeding and find no distortions or inaccuracies. *See generally* TEX. R. APP. P. 52.11; *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 861 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (combined app. & orig. proceeding). In analyzing this case, we have focused on the record that was before the trial court and properly before this Court in accordance with the rules of appellate procedure. *See generally* TEX. R. APP. P. 52.3, 52.7; *In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding). Moreover, based on the record and appendix presented, we have concluded that Old American has carried its burden to obtain relief, and accordingly, we do not agree with Rosales that Old American has improperly sought review for the purpose of forum shopping.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Old American has met its burden to show itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is conditionally granted. We direct the trial court to withdraw its order of April 4, 2014 denying Old American's plea to the jurisdiction and to enter an order dismissing Rosales's claims against Old American. We are confident that the trial will comply, and the writ will issue only in the event that it does not. *See* TEX. R. APP. P. 52.8(a).

GREGORY T. PERKES
JUSTICE

Delivered and filed the
25th day of September, 2014.

17