**B.Z.B., INC. and C. Michael Orr, Appellants**

v.

**Donal S. CLARK, Appellee.**

No. 14–07–00423–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 30, 2008.

---

900

J. Michael Faubion, Galveston, TX, for appellants.

Marcus E. Faubion, Houston, Ervin A. Apffel, Galveston, TX, for appellees.

Panel consists of Justices ANDERSON, FROST and HUDSON.[1]

## OPINION

ANDERSON, Justice.

This is an appeal from an order signed by the trial court on April 20, 2007, more than sixteen months after the trial court initially signed the final judgment in the case. Because the trial court was without jurisdiction to enter the April 20, 2007 order, we declare the order void and it must be vacated.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2005, the trial court granted appellee, Donal S. Clark's motion for partial summary judgment. On November 22, 2005, the trial court granted appellee's motion to sever, making the October 20 partial summary judgment a final, appealable order.

In pertinent part, the summary judgment order provides:

1. The Court finds that B.Z.B., Inc. has defaulted on the promissory note held by [appellee], and that the principal amount of $1,459,774.14 is due and owing to [appellee] plus interest in the amount of 6.5% since the date of default.

2. The Court finds that C. Michael Orr has defaulted under the terms of the guarantee agreement and the amended guarantee agreement and is individually liable to [appellee] for unpaid principal in the amount of [$]1,459,774.14.

\* \* \*

It is ORDERED, ADJUDGED, and DECREED, that [appellee] have judgment, jointly and severally, against Defendants, B.Z.B., Inc. and C. Michael Orr, individually as set out above. This judgment shall bear interest at the rate of 10% per annum from the date hereof until paid.

Specifically missing from the summary judgment rendered by the trial court was the date of default, and, as a result, the start date for the purpose of computing pre-judgment interest.

Following the severance, appellants, B.Z.B., Inc. and C. Michael Orr, filed a motion for new trial, which the trial court denied in a written order also signed on November 22, 2005. Appellants then appealed the judgment.

During the pendency of the appeal, disputes arose over the judgment and the trial court ordered the parties to mediation in an effort to resolve the disputes. At the May 8, 2006 mediation, the parties resolved their existing disputes and entered into a Settlement Agreement.

Under the terms of the Settlement Agreement, appellants were required to dismiss their pending appeal, which they did. In addition, the parties agreed the final judgment would accrue post-judgment interest at the rate of 6.5% rather than the 10% found in the summary judgment. Among other things, the parties also agreed the Settlement Agreement would be secured by the now final summary judgment and deeds of trust on three restaurant properties: the Alvin "Busy Bee," the Pearland "Busy Bee," including the lease/purchase of the adjacent parking lot, and the Texas City "City Café." Unlike the Alvin and Pearland Busy Bee restaurants, the Texas City "City Café" was not owned by either ap-

---

**1.** Senior Justice Harvey Hudson sitting by      assignment.

pellant, but instead was owned by 24/7 Grill, LLC, a company principally owned by Orr's wife and a non-party to the original lawsuit.[2]

Following the mediated settlement, BZB sold the Alvin and Pearland restaurants and paid the $934,237.31 cash received from the sale to appellee. In addition, appellants notified appellee they intended to exercise the option found in the Settlement Agreement to pay the remaining balance pursuant to a five year installment note. Disputes then arose regarding (1) the amount of prejudgment interest and thus the total amount still owed by appellants following the sale of the two restaurants; (2) whether both Tract 1 and Tract 2 of the Texas City restaurant were to be used to secure the new promissory note; and (3) whether a power of sale was to be included in the deed of trust securing the promissory note. As a result of this new round of disputes, appellee, on *February 5, 2007,* filed a motion to enforce settlement agreement in the original trial court under the original cause number. Following a hearing, the trial court, on April 20, 2007, entered a hand written order providing:

IT IS ORDERED THAT:

1. Pursuant to the Mediation Agreement, post-judgment interest from and after 10/20/05 is 6.5% per annum

2. Pre-judgment interest awarded on 10/20/05 is 6.5% of $1,459,774.14 from 4/25/05 through 10/19/05.

3. 10 days for BZB Inc. and C.M. ORR to execute and deliver a promissory note pursuant to the Mediated Agreement reflecting the above and all credits and offsets from and after 10/20/05[.]

4. 10 days to execute and deliver *standard* deed of trust on Tracts 1 and 2 by 24/7 Grill LLC securing note (3)[.]

5. 30 days from date the [sic] bring amounts due current pursuant to the note (3).

6. All funds in registry of court released to Clark.

It is from this order appellants now appeal.

### DISCUSSION

**A. Does this court have jurisdiction to hear this appeal?**

■ Before addressing appellants' issues on appeal, we address appellee's contention this court does not have jurisdiction to hear this appeal because the April 20, 2007 order is not a final judgment or appealable order. We disagree.

■ Initially, appellee asserts the April 20, 2007 order is not a final judgment because it does not dispose of all parties and issues, does not contain the words "final judgment and appealable," and was not entitled "Judgment." The law does not require that a final judgment be in a particular form. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). Further, whether a judicial decree is a final judgment must be determined from its language and the record on appeal. *Id.* Here, while appellee argues the April 20, 2007 order does not dispose of all parties and issues, he did not point out, either in his brief or during oral argument, what issues or parties remain to be resolved in the severed action. In addition, our review of the appellate record failed to disclose any unresolved issues or parties. Accordingly, the April 20, 2007 order is a final judgment and appealable.

■ Appellee also appears to argue we do not have jurisdiction because the April 20, 2007 order is, in appellant's view, an effort by the trial court to enforce the

---

**2.** This company is also referred to as 24/7 LLC in the record.

original November 2005 judgment and is in the nature of a turnover order. Even if the April 20, 2007 order is construed as a turnover order, we have jurisdiction. *Schultz v. Fifth Judicial Dist. Ct. of Appeals*, 810 S.W.2d 738, 740 (Tex.1991) *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex.2004).

█ Finally, because we ultimately decide the April 20, 2007 order is void, there is no doubt we have jurisdiction over this appeal. It is settled law in Texas that, while it is not necessary to appeal from a void judgment, an appeal may be taken and the appellate court in such a proceeding may declare the judgment void. *State ex rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995), *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 837 n. 1 (Tex.App.-Houston [14th Dist.] 2006, no pet.). Accordingly, we have jurisdiction to hear this appeal.

## B. Is the April 20, 2007 Order Void?

We turn now to appellants' first issue on appeal asserting the April 20, 2007 order is void because it was entered outside the trial court's plenary jurisdiction.

### 1. The Addition of the Date of Default

█ Appellants contend the trial court's finding that the date of default, and thus the start date for prejudgment interest, was April 25, 2005 constitutes an improper attempt to use a judgment nunc pro tunc to correct a judicial error in the November 22, 2005 judgment. We agree.

█ Under Rule 329b of the Texas Rules of Civil Procedure, a trial court has plenary power to correct judicial errors in a judgment pursuant to a motion filed within thirty days after a judgment is signed. The Rules of Civil Procedure also provide for the entry of a corrected judgment, or a nunc pro tunc judgment, after the expiration of a court's plenary power

has expired. *In re Broussard*, 112 S.W.3d 827, 833 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). The purpose of a judgment nunc pro tunc is to correct a clerical error in the judgment after the expiration of the trial court's plenary power. *Id.* To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *Id.* Conversely, a judicial error occurs in the rendering rather than the entering of a judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). A judicial error arises from a mistake of law or fact that requires judicial reasoning to correct. *LaGoye v. Victoria Wood Condominium Assoc.*, 112 S.W.3d 777, 783 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The question whether an error is clerical or judicial is a question of law. *In re Broussard*, 112 S.W.3d 827, 833. When deciding whether a correction is a judicial or a clerical error, we look to the judgment actually rendered. *Id.* A trial court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Id.* Even if the trial court renders judgment incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition. *Id.* If the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires. *Escobar*, 711 S.W.2d at 232.

Here, the date of default, and, as a result, the start date for the purpose of computing pre-judgment interest, was not included in the trial court's original November 2005 judgment. In its motion to enforce settlement agreement, appellee offered no proof that the trial court rendered a judgment regarding the accrual date for prejudgment interest but incorrectly recorded it. Even though its plena-

ry power had expired on December 22, 2005,[3] the trial court, on April 20, 2007, found that the date of default, and thus the start date for prejudgment interest, was April 25, 2005. In *LeCompte v. Providian Nat'l Bank*, the First Court of Appeals, addressing similar facts, determined a trial court's judgment nunc pro tunc was void because it attempted to add the accrual date for prejudgment interest outside the trial court's plenary jurisdiction. *LeCompte v. Providian Nat'l Bank*, No. 01–04–00570–CV, 2005 WL 2615327, at *3 (Tex.App.-Houston [1st Dist.] Oct. 13, 2005, no pet.) (mem.op.) (citing *Escobar*, 711 S.W.2d at 231–32). We agree with the First Court and hold the April 20, 2007 order, to the extent it adds the default date, was entered outside the trial court's plenary power and is therefore void.

## 2. Enforcing the Settlement Agreement

■ We turn now to the remaining sections of the April 20, 2007 order. As detailed above, in the April 20, 2007 order, the trial court construes the terms of the Settlement Agreement and orders appellants and 24/7 Grill, LLC, a non-party to the original suit, to perform various actions. Appellee contends these sections of the April 20, 2007 order are a proper exercise of the trial court's authority to enforce its judgment and are in the nature of a turnover order pursuant to section 31.002 of the Civil Practice & Remedies Code. We disagree.

In its April 20, 2007 order, the trial court not only ordered a non-judgment debtor, 24/7 Grill, LLC, to execute a deed of trust on a restaurant property and deliver it to appellee, it also addressed the disputes that had arisen over the parties' obligations under the Settlement Agreement. The Texas Turnover Statute is a procedural mechanism that gives Texas courts the power to satisfy a judgment by reaching the assets of a judgment debtor that cannot be attached or seized by ordinary legal process. *In re Hamel*, 180 S.W.3d 226, 228–29 (Tex.App.-San Antonio 2005, orig. proceeding). As such, Texas courts do not apply the turnover statute to non-judgment debtors. *Lozano v. Lozano*, 975 S.W.2d 63, 68 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). In addition, the turnover statute cannot be used to determine a party's substantive rights or the property rights of third parties. *Id.* Nor does the turnover statute create a right in the judgment creditors and debtors to initiate and incorporate in the proceedings an entirely different lawsuit against a third party who is not a part of the original judgment. *Kothmann v. Cook*, 113 S.W.3d 471, 475 (Tex.App.-Amarillo 2003, no pet.). Finally, the turnover statute cannot be used to make an alter ego determination which would subject a non-judgment debtor to a turnover procedure. *United Bank Metro v. Plains Overseas Group, Inc.*, 670 S.W.2d 281, 284 (Tex.Civ.App.-Houston [1st Dist.] 1983, no writ). Because the April 20, 2007 order far exceeds the scope of the turnover statute, we hold it is not a turnover order.

■ Instead, the April 20, 2007 order is the result of the trial court's attempt to resolve the disputes that had arisen over the interpretation of the Settlement Agreement. The Supreme Court has addressed this very issue. When a dispute arises over a settlement agreement while the trial court still has jurisdiction over the underlying action, any claim to enforce the settlement agreement should, if possible, be asserted in the original court under the original cause number. *Mantas v. The Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex.1996). However, if the dispute

---

**3.** The trial court's plenary jurisdiction expired thirty days after November 22, 2005, the day it denied appellants' motion for new trial. Tex.R. Civ. P. 329b(e).

arises after the trial court's plenary jurisdiction has expired, the party seeking to enforce the settlement agreement must file a separate breach of contract action. *Id.* at 658–59. Because the trial court's plenary jurisdiction had expired by the time the dispute over the terms of the Settlement Agreement arose, it did not have jurisdiction to address the parties' dispute. Accordingly, the remaining sections of the April 20, 2007 order are void.

## CONCLUSION

Based on the foregoing, we conclude the trial court was without jurisdiction to enter the entire April 20, 2007 order. Therefore, the April 20, 2007 order is declared void and vacated.