Affirmed and Memorandum Opinion filed July 29, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00900-CV

___________________

 

Scott Van Dyke, Appellant

 

V.

 

Forest Hunter Smith, Appellee



 



 

On
Appeal from the 133rd District Court

Harris County,
Texas



Trial Court Cause No. 2004-48332

 



 

 

MEMORANDUM OPINION

            Scott Van Dyke appeals from a turnover order issued in
enforcement of a prior judgment favoring Forest Hunter Smith.  On appeal, Van
Dyke contends that the trial court erred in ordering the turnover of his
property because he is not a judgment debtor under the prior judgment.  Van
Dyke further moves this court to issue a nunc pro tunc judgment correcting
clerical errors that he contends exist in this court’s earlier judgment
affirming the underlying judgment of the trial court.  We affirm the trial
court’s turnover order and overrule Van Dyke’s motion.

Background

Van Dyke is the majority
owner of two corporations, Anglo-Dutch Petroleum and Anglo-Dutch (Tenge)
(collectively, “Anglo-Dutch”), formed for the purpose of developing an oil and
gas field in Kazakhastan.  In 1997, Anglo-Dutch entered into a letter of intent
with Halliburton concerning exploration of the field.  However, in 2000, Anglo-Dutch
sued Halliburton over the project.  In order to finance the lawsuit,
Anglo-Dutch entered into several Claims Investment Agreements, through which
investors contributed funds in return for a share of the potential recovery. 
Smith signed two of these agreements and invested a total of $50,000.  In
return, Anglo-Dutch agreed to pay Smith, out of any litigation recovery, his
initial $50,000, eighty-five percent of $50,000, and then an additional
eighty-five percent for each year that passed from the date of the agreement to
the time of the recovery.

Ultimately, Anglo-Dutch
was awarded $106 million in the lawsuit, and Anglo-Dutch and Halliburton
entered into a confidential settlement agreement.  Before this settlement,
however, Anglo-Dutch attempted to negotiate a reduced payout to its litigation
investors.  Although some investors agreed, Smith and others did not.  Smith
subsequently sued Anglo-Dutch and Van Dyke.  In the lawsuit, he alleged fraud,
breach of fiduciary duty, conversion, and breach of contract.  After a bench
trial, the trial court imposed against Anglo-Dutch and Van Dyke:  actual
damages of $151,876, exemplary damages of $303,752, and attorney’s fees of
$60,000.

Anglo-Dutch and Van Dyke appealed.  In our prior
opinion, this court explained that the trial court found against both
Anglo-Dutch and Van Dyke on each cause of action, i.e., fraud, breach of
fiduciary duty, conversion, and breach of contract.  We further held that there
was no evidence to support the fraud, breach of fiduciary duty, or conversion
findings, and, thus, no basis for the award of exemplary damages.  However, we also
overruled Anglo-Dutch and Van Dyke’s challenges to the breach of contract
finding.  Consequently, we modified the trial court’s judgment to eliminate the
award of exemplary damages and affirmed the judgment as so modified.  Our
judgment and mandate were in accord with the holdings in the opinion:  deleting
the exemplary damages award and affirming the remainder of the judgment,
including actual damages and attorney’s fees.  The Texas Supreme Court
subsequently denied competing petitions for review.

As part of his efforts to collect on the judgment, Smith
applied for a turnover order pursuant to section 31.002 of the Texas Civil Practice
and Remedies Code.  Tex. Civ. Prac. & Rem. Code § 31.002.  Specifically,
Smith requested that the court order Anglo-Dutch and Van Dyke to “collectively ‘turn over’ and pay into the Court’s
Registry sufficient non-exempt property in the form of cash, funds and other
monies to satisfy fully the Final Judgment (and any additional post-judgment
interest).”  At one point during the proceedings below, Van Dyke
represented to the court that “he ha[d] access to at least $125,000 in cash to
satisfy any turnover order that might be entered in this case.”  On September
25, 2009, the court granted Smith’s application and issued a Turnover Order
requiring Van Dyke to pay into the court’s registry $118,540.38.

Judgment Debtor

In a single issue on appeal, Van Dyke contends that the
trial court erred in entering the turnover order against him because he was not
a judgment debtor under the judgment in the underlying case.  Section 31.002 of
the Civil Practice and Remedies Code authorizes courts to order judgment
debtors to turn over nonexempt property in satisfaction of a judgment.  Tex.
Civ. Prac. & Rem. Code § 31.002(b).  We may review a turnover order on
appeal and utilize an abuse-of-discretion standard in doing so.  Tanner v.
McCarthy, 274 S.W.3d 311, 320 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).

If Van Dyke was not a judgment debtor, then the
section cannot apply to him.  See Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 227 (Tex. 1991).  However, Van Dyke is indeed a judgment debtor. 
The trial court’s judgment imposed actual damages, exemplary damages, and
attorney’s fees against Van Dyke; we deleted the exemplary damages but affirmed
the remainder of the judgment; the Texas Supreme Court denied the petitions for
review.  Thus, the final judgment, as modified and affirmed by this court,
assessed actual damages against Van Dyke.

Nonetheless, Van Dyke argues that the trial court
should have rejected the application for a turnover order because in the trial
court’s original findings of fact and conclusions of law it found that only
Anglo-Dutch, and not Van Dyke, was liable for breach of contract, the only
cause of action to survive on appeal.  In his appellate briefing, Smith
disputes this reading of the findings of fact and conclusions of law, arguing
instead that the trial court found Van Dyke liable on all of the causes of
action.[1] 
It does not matter, however, who is correct in this regard.  In our prior
opinion, judgment, and mandate, this court affirmed the entry of actual damages
against Van Dyke.  If Van Dyke had wanted to assert that our judgment erroneously
affirmed actual damages against him, he should have done so before he exhausted
the appeals process regarding that judgment and before mandate was issued.  See
In re Long, 984 S.W.2d 623, 626 (Tex. 1999) (orig. proceeding) (per curiam)
(explaining that an appeal is not “exhausted” or “final” until the court of
appeals issues its mandate); see also Edwards Aquifer Auth. v. Chem. Lime,
Ltd., 291 S.W.3d 392, 413-16 (Tex. 2009) (Willett, J., concurring)
(discussing finality of appellate decisions and noting that “the period between
judgment and mandate affords the court the opportunity to correct an appellate
judgment before commanding its execution and enforcement in the lower court.”
[internal quotation marks omitted]).  Furthermore, the trial court had no
authority to disregard our judgment.  See Tex. R. App. P. 51.1(b) (“When
the trial court clerk receives the mandate, the appellate court’s judgment must
be enforced.”); Tex. Parks & Wildlife Dept. v. Dearing, 240 S.W.3d
330, 347 (Tex. App.—Austin 2007, pet. denied) (“Upon receiving the appellate
court’s mandate, the lower court has a mandatory, ministerial duty to enforce
the appellate court’s judgment.  It has no discretion to review, interpret, or
enforce the mandate but, instead, must carry out the mandate.”).  Thus, the
trial court did not err in issuing the turnover order based on our prior
judgment.  We overrule Van Dyke’s sole issue.

Nunc Pro Tunc

In the alternative, Van Dyke moves this court to
issue a judgment nunc pro tunc correcting what he calls a “clerical
error” that this court allegedly made in its prior judgment.  Nunc pro tunc
judgments may issue to correct clerical mistakes in a judgment, but they cannot
be used to correct judicial errors.  See, e.g., B.Z.B., Inc. v. Clark,
273 S.W.3d 899, 903 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  To be
clerical in nature, an error cannot be the result of judicial reasoning,
evidence, or determination.  Id.  Typical clerical errors that can be
corrected by nunc pro tunc judgments include errors in the date of
judgment, a party’s name, and the transcription of numbers.  In re Broussard,
112 S.W.3d 827, 833 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding)
(citing cases).  Clerical errors also include instances where the record
clearly shows that the judgment entered did not reflect the judgment rendered.  Id. 
A judicial error arises from a mistake of law or fact that requires judicial
reasoning to correct.  B.Z.B., 273 S.W.3d at 903.

Here, Van Dyke is asserting that our prior judgment
erroneously affirmed actual damages against him based on a breach of contract
cause of action.  He premises this assertion on his further argument that in
its findings of fact and conclusions of law, the trial court did not find him
liable on the breach of contract cause of action.  In our prior opinion, we unequivocally
stated that the trial court found both Anglo-Dutch and Van Dyke liable on each
cause of action, including breach of contract.  We then overruled Anglo-Dutch
and Van Dyke’s challenge to that finding.  Having done so, we affirmed the
award of actual damages against both Anglo-Dutch and Van Dyke.  It is clear
from the discussion in the opinion that the judgment properly reflected the
result reached by the court.  In other words, there was no clerical error in
the drafting of the judgment.  Van Dyke’s assertions allege a mistake of law or
fact that would require judicial reasoning to analyze.  Accordingly, we
overrule Van Dyke’s motion for a judgment nunc pro tunc.  B.Z.B.,
273 S.W.3d at 903; see also In re Broussard, 112 S.W.3d at 833
(finding trial court’s entry of nunc pro tunc judgment was erroneous
because it did not merely correct clerical error but imposed new obligation on
party).

We affirm the trial court’s turnover order and
overrule Van Dyke’s motion.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

 









[1] As mentioned above, in
our prior opinion we stated that the trial court found both Anglo-Dutch and Van
Dyke liable on each cause of action, including breach of contract.