**Reversed and Remanded and Memorandum Opinion filed February 12, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00347-CV

---

## ERNESTINE SOPHIE JIMENEZ, AKA ERNESTINE SIERRA JIMENEZ, AKA ERNESTINE GARCIA, AKA ERNESTINE JIMENEZ GARCIA, AKA BAKER LEWIS, Appellant

### V.

## ROSEMARIE Z. LEWIS, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1044770**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of appellee, Rosemarie Z. Lewis. Both Lewis and appellant, Ernestine Sophie Jimenez, assert that we do not have jurisdiction over this appeal. In her first issue, Jimenez argues that we do not have jurisdiction because the trial court's summary judgment order did not dispose of all parties and claims. Lewis responds that we do not have

jurisdiction because Jimenez did not timely file her notice of appeal. We initially conclude that Jimenez's notice of appeal was timely because the trial court granted Jimenez an extension of time to file her motion for new trial pursuant to Rule 21(f)(6) of the Texas Rules of Civil Procedure, which in turn extended the deadline for Jimenez to file her notice of appeal. We also conclude that we have jurisdiction over Jimenez's appeal because the trial court's summary judgment order clearly and unequivocally disposed of all claims and parties. Jimenez contends in her third issue that the trial court erred when it signed a final summary judgment because Lewis's motion did not address Jimenez's counterclaims or her third-party claims against Richard Lewis. We sustain this issue because a trial court errs when it grants more relief than requested in a motion for summary judgment. Jimenez contends in her second issue that the trial court erred when it granted Lewis's motion for summary judgment on Lewis's breach of lease claim. We sustain Jimenez's second issue because the summary judgment evidence raised genuine issues of material fact on Lewis's breach of lease cause of action. We therefore reverse the trial court's final summary judgment and remand to the trial court for further proceedings.

## BACKGROUND

Jimenez married Richard Lewis, Rosemarie Lewis's son, on October 24, 2004. They divorced on August 20, 2008. Richard had signed a lease renting a home allegedly owned by Lewis on September 1, 2004. Jimenez did not sign the lease. After Richard and Jimenez divorced, Lewis sued Jimenez for breach of the lease. Jimenez appeared in the lawsuit, filed counterclaims against Lewis, and she added Richard as a third-party defendant. Jimenez asserted numerous causes of action against both Lewis and Richard including, among other things, a request for a declaratory judgment declaring the September 1, 2004 lease void, fraud,

2

conversion, conspiracy, and intentional infliction of emotional distress.

Lewis eventually filed a traditional motion for summary judgment only on her breach of lease cause of action. Lewis argued that Jimenez was liable under the lease because Jimenez's future spouse, Richard, had signed the lease, and the rent qualified as a necessary pursuant to the Texas Family Code. *See* Tex. Fam. Code Ann. § 2.501(b) ("A spouse who fails to discharge the duty of support is liable to any person who provides necessaries to the spouse to whom support is owed."); § 3.201(a)(2) (providing that "a person is personally liable for the acts of the person's spouse only if . . . the spouse incurs a debt for necessaries as provided by" Texas Family Code section 2.501(b)). Lewis attached several items of summary judgment evidence to her motion. This evidence included a copy of the lease as well as copies of two checks payable to Lewis that had been signed by Jimenez.[1] Lewis also attached Richard's affidavit in which he stated, among other things, that Lewis "provided a place for me and [Jimenez] to reside, which we did do. We resided in the leased premises for years, including after the term of the ending of the lease and pursuant to the holdover provision. It was agreed with [Lewis] that we would continue to pay the amount of rent under the lease that we were paying during the first 13 months of the lease." Richard concluded his affidavit by stating that Jimenez owed Lewis $5,535.

Jimenez filed a response to Lewis's motion for summary judgment. Jimenez included as summary judgment evidence excerpts from Lewis's deposition. Lewis, during her deposition, could not recall buying any houses. She also could not recall signing a lease with her son Richard. Lewis further testified that she was not aware of any agreements that she had with Jimenez. Lewis did not recall suing

---

[1] One of the checks was signed on August 4, 2006. The memo line was filled out as "1/2 August '06." The second check was signed on July 1, 2005 and the memo line stated "1/2 July." The second check was stamped "Returned Not Paid, Stop Payment."

Jimenez and separately denied knowledge of having a landlord's lien on any of Jimenez's property. When asked if she wanted to punish Jimenez, Lewis testified, "No. I'd just rather not see her, hear from her, or have anything to do with her." When asked if she made the decision to sue Jimenez, Lewis first testified that she did not, and then she testified that she could have "because [she] hated that woman." Finally, Lewis testified that she was unaware of Jimenez owing her any money.

The trial court granted Lewis's motion for summary judgment on March 21, 2017. The judgment awarded Lewis $5,535 in damages and $2,500 in attorney's fees. The trial court's summary judgment order included the following language: "All relief not granted herein is denied. This is a final judgment disposing of all parties and all issues. All prior interlocutory orders are hereby made final."

Jimenez's attorney attempted to electronically file a motion for new trial on April 20, 2017. According to Jimenez's attorney, she verified at the time of filing that the motion for new trial was properly filed and that the cost of filing was paid by credit card. Jimenez's attorney later discovered however, that the motion for new trial had not been filed. Jimenez filed a motion for leave to file her motion for new trial late.[2] Jimenez asserted Rule 21(f)(6) of the Texas Rules of Civil Procedure as the basis for her motion.[3] A response by Lewis to Jimenez's motion

---

[2] The motion was styled "First Amended Motion for Leave to File Motion to Accept Second Filed Motion for New Trial." Jimenez's attorney attached an affidavit to the motion in which she stated:

> My name is Sharon Hemphill. I am the attorney in this case and I make this affidavit for the limited purposes herein. I am over the age of eighteen years old and I am not other disqualified from making this affidavit. I have personal knowledge regarding the facts herein and they are true and correct.

> The facts set forth in the attached motion are true and correct.

[3] Rule 21(f)(6) provides: "Technical Failure. If a document is untimely [filed] due to a technical failure or a system outage, the filing party may seek appropriate relief from the court.

4

does not appear in the appellate record. The trial court granted Jimenez's motion making her motion for new trial timely filed. The motion for new trial was subsequently overruled by operation of law. This appeal followed.

## ANALYSIS

I.  **We have jurisdiction because Jimenez's motion for new trial extended the deadline for the filing of her notice of appeal and the trial court's summary judgment order language clearly and unequivocally disposed of all parties and claims.**

Jimenez initially argues that we do not have jurisdiction over this appeal because the trial court's summary judgment order did not dispose of her counterclaims and third-party claims. Lewis, on the other hand, asserts in her appellee's brief that we do not have jurisdiction because Jimenez's motion for new trial and notice of appeal were not filed timely. We therefore must first determine whether we have jurisdiction over this appeal. *See State v. Naylor*, 466 S.W.3d 783, 805 (Tex. 2015) (appellate courts have affirmative duty to confirm jurisdiction).

We turn first to Lewis's contention that we do not have jurisdiction because Jimenez's motion for new trial was filed past the thirty-day deadline which she argues rendered Jimenez's notice of appeal untimely. *See* Tex. R. Civ. P. 329b; Tex. R. App. P. 26.1. We begin by pointing out that Lewis does not dispute that if we determine Jimenez's motion for new trial was timely filed, then her notice of appeal was also timely filed. As discussed above, once Jimenez discovered that her motion for new trial had not been electronically filed on April 20, 2017, she filed a motion seeking an extension of time to file the motion citing Rule 21(f)(6) of the Texas Rules of Civil Procedure in support. As pointed out above, Lewis did

---

If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing." Tex. R. Civ. P. 21(f)(6).

5

not file a response opposing Jimenez's motion for leave. The trial court granted the motion, finding that there was good cause to do so.

On appeal, Lewis asserts that we do not have jurisdiction to consider Jimenez's appeal because the trial court abused its discretion when it granted Jimenez's motion for leave. In Lewis' view, the trial court abused its discretion because Jimenez (1) offered no evidence of a technical error, and (2) took too long, seven days, to discover the filing problem and to file a motion for leave to file a late motion for new trial. We disagree with both contentions.

In the verified motion for leave, Jimenez's attorney explained her efforts to timely file the motion for new trial on April 20, 2017 and to pay the filing fee. Jimenez's attorney also provided a detailed explanation for the delay in filing the motion for leave. Among other things, she had numerous other court appearances requiring her attention over the next several days. Jimenez's attorney then explained:

> Movant returned to her office to set the hearing on the motion for new trial late in the afternoon of 4-28-17 when she returned after mediation when Movant saw on the e-file list that the MFNT was safely "filed," but could not locate the MFNT in the Court's file, and immediately believed that the MFNT had not yet "shown up" in the court's file as occurs periodically. At that time the Movant filed and served via email the Motion to correct, et al, filed earlier.

> It was only on further research, when in the process of filing for the oral hearing for the MFNT, that Movant continued to try to locate the filing that Movant was horrified to discover that something occurred after it was listed as "filed" and Movant discovered somehow there was an error but Movant was not notified of any error. In fact, Movant relied on the fact that it was "filed" as confirmed on the Tyler Technology website. Movant had no idea that there was any problem with the filing until tonight.

Jimenez's attorney went on that she had "no idea what caused this error and [she]

was not aware of it until tonight." In addition, Jimenez's attorney attached a print-out from her efile service showing that she filed an "envelope" in this case at 11:48 p.m. on April 20, 2017.

We conclude this is some evidence supporting the trial court's implied findings that (1) there was a technical failure, as contemplated by Rule 21(f)(6), when Jimenez attempted to file her motion for new trial on April 20, 2017; and (2) seven days was not an unreasonable delay in filing the motion for leave. In addition, Lewis provided no evidence that she would be prejudiced by the trial court granting Jimenez's motion for leave to file her motion for new trial late. *See Krajca v. Caum*, 01-16-00057-CV, 2017 WL 2471102, at \*4 (Tex. App.—Houston [1st Dist.] June 8, 2017, pet. denied) (mem. op.) (considering lack of prejudice to summary judgment movant in determining that trial court abused discretion when it struck summary judgment response as untimely filed). We hold that the trial court did not abuse its discretion when it granted Jimenez's motion for leave. *See* Tex. R. Civ. P. 21(f)(5) (providing that electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider); *Krajca*, 2017 WL 2471102, at \*3 ("Thus, the rules themselves provide a mechanism to promote the resolution of cases on their merits rather than procedural defaults resulting from clerical or technical mistakes."); *Tex. Dep't of Aging & Disability Servs. v. Mersch*, 418 S.W.3d 736, 742 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The electronic filing and service rules should not become a trap for the unwary when no harm is done."). Because the trial court granted Jimenez's motion for leave based on Rule 21(f)(6), Jimenez's motion for new trial is deemed timely filed on April 20, 2017. As a result, Jimenez's notice of appeal, filed on May 1, 2017, was also timely filed. *See* Tex. R. Civ. P. 21(f)(5) ("If the missed deadline is one imposed by these rules, the filing party must be

given a reasonable extension of time to complete the filing.").

We turn next to Jimenez's argument that we do not have jurisdiction because the trial court's summary judgment did not dispose of her counterclaims and third-party claims against Richard. "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). This Court has previously recognized that a final judgment is not determined by its form, but by its language and the record on appeal. *B.Z.B., Inc. v. Clark*, 273 S.W.3d 899, 902 (Tex. App.— Houston [14th Dist.] 2008, no pet.) (citing *Lehmann* for the test of finality). To satisfy the *Lehmann* test, a judgment either must state clearly and unequivocally that it disposes of all claims and parties, or it must dispose of every pending claim and party regardless of its language. *Lehmann*, 39 S.W.3d at 200. The Supreme Court of Texas recently reiterated that language such as "all relief not granted is denied . . . does not indicate that a judgment rendered without a conventional trial is final for the purposes of appeal." *In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (per curiam) (citing *Lehmann*, 39 S.W.3d at 203–04). But a statement such as "This judgment finally disposes of all parties and all claims and is appealable" leaves no doubt about the court's intention to make a final disposition of the case. *Id.* (citing *Lehmann*, 39 S.W.3d at 206).

*In re Daredia* also clarified that the word "final," while less clear than "appealable," was "clear enough" to indicate a final judgment when the judgment stated, "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." *Id.* at 248-9. Further, an order "can be final and appealable when it should not be," as when an order granting summary judgment does not address all of the plaintiff's claims, but "state[s] unequivocally that final judgment is rendered that the plaintiff

8

take nothing by his suit." *Lehmann*, 39 S.W.3d at 204. Thus, an order's clear intent to dispose of all claims and all parties will make it final and appealable "even though it should have been interlocutory" or the parties "did not intend for the judgment to be final." *Id.* at 200, 206. Granting a final judgment that does not address all claims "makes the order reversible, but not interlocutory." *Id.* at 204.

We conclude that the trial court's summary judgment order, quoted above, clearly and unequivocally disposed of all parties and claims. The judgment therefore was a final judgment and we have jurisdiction. *Lehmann*, 39 S.W.3d at 204; *Lewin v. Mission Bend No. 5 Homeowners Ass'n, Inc.*, No. 14-16-00026-CV, 2017 WL 2959653, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2017, no pet.) (mem. op.). We overrule Jimenez's first issue on appeal.

## II. The trial court erred when it granted summary judgment on Jimenez's counterclaims against Lewis and third-party claims against Richard.

Jimenez argues in her third issue that the trial court erred when it (1) granted summary judgment on her counterclaims against Lewis because Lewis's motion did not address those claims; and (2) disposed of Jimenez's third-party claims against Richard because Richard did not file a motion for summary judgment on those claims. We agree. *See Lewin*, 2017 WL 2959653, at *4 ("Granting summary judgment on a claim not addressed in a motion for summary judgment is reversible error."). We therefore sustain Jimenez's third issue because the trial court's summary judgment order, while final, erroneously disposed of claims not addressed in a motion for summary judgment.

## III. The trial court erred when it granted Lewis's motion for summary judgment on her breach of lease cause of action.

In her second issue, Jimenez argues that the trial court erred when it granted Lewis's motion for summary judgment because the summary judgment evidence

raised a genuine issue of material fact on Lewis's breach of lease cause of action.

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a plaintiff moves for summary judgment on its cause of action, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Evidence is considered conclusive if reasonable people could not differ in their conclusions. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The nonmovant has no burden to respond to a motion for summary judgment unless the movant conclusively establishes each element of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If the movant establishes its entitlement to judgment, then the burden shifts to the nonmovant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

To be entitled to summary judgment on her breach of the lease claim, Lewis was required to prove, as a matter of law, the following essential elements: (1) the existence of a valid lease contract; (2) that she performed or tendered performance under the lease; (3) that Jimenez breached the lease; and (4) that she suffered damages as a result of Jimenez's breach. *Caron v. Smaby*, No. 01-15-00528-CV, 2017 WL 2471101, at *7 (Tex. App.—Houston [1st Dist.] June 8, 2017, no pet.) (mem. op.). To avoid the undisputed fact that Jimenez did not sign the lease agreement, and that Jimenez denied the existence of the lease, Lewis argues that

10

Jimenez is liable for the allegedly unpaid rent because it qualifies as a necessary. *See* Tex. Fam. Code Ann. § 2.501(b). Even if we assume without deciding that the allegedly unpaid rent qualifies as a necessary, and that a landlord may pursue a breach of lease claim against a former spouse who did not sign the lease based on a necessaries theory, we conclude that the summary judgment evidence, when viewed under the appropriate standard of review, created a genuine issue of material fact on whether Lewis suffered damages. This evidence includes Lewis's deposition testimony that she was unaware of Jimenez owing her any money. Because there is a genuine issue of material fact on the damage element of Lewis's cause of action, we hold the trial court erred when it granted Lewis's motion for summary judgment. We sustain Jimenez's second issue on appeal.

## CONCLUSION

Having sustained Jimenez's second and third issues, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings.


/s/ Jerry Zimmerer
Justice


Panel consists of Justices Christopher, Zimmerer, and Hassan.

11