

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00239-CV

_____

DR. JOHN SZABUNIEWICZ, Appellant

V.

KING INVESTMENTS, INC., PHILLIP KING, AS EXECUTOR OF THE ESTATE
OF THE EARL KING, DECEASED, AND PHILLIP S. KING, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-329405-21

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Dr. John Szabuniewicz, appearing pro se, attempts to appeal the trial court's April 13, 2023 order denying "Plaintiffs' Motion to Modify, Correct, or Reform Judgment Under Rule 329b(g)." The order that Appellant had moved to modify, correct, or reform—"Order on Defendants' First Amended Motion to Enforce Settlement and Release Agreement"—was signed on February 24, 2023. Appellant filed his notice of appeal on July 12, 2023.

Generally, a notice of appeal must be filed within thirty days after the date the judgment is signed, but certain post-judgment motions can extend that deadline to ninety days. *See* Tex. R. App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party files . . . a motion for new trial[ or] a motion to modify the judgment[.]"); *see also* Tex. R. Civ. P. 329b (stating that filing a motion for new trial or motion to modify extends the trial court's plenary power). An appellate court may grant an additional fifteen-day extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus, in a typical civil case, a party who wishes to appeal could take as long as 105 days from the date the judgment is signed to file a notice of appeal. *See* Tex. R. App. P. 26.1(a), 26.3; *Poard v. Webb*, No. 02-22-00262-CV, 2022 WL 3464863, at *1 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (per curiam) (mem. op.); *see also Verburgt*, 959 S.W.2d at 617 (citing Rule 26.3 and holding motion for extension of time is necessarily implied when appellant, acting in good faith, files a document

2

attempting to perfect appeal beyond time allowed by appellate rules but within fifteen-day period in which appellant would be entitled to move to extend filing deadline).

Because Appellant timely filed a motion to modify the February 24, 2023 order on March 27, 2023,[1] the notice of appeal was due no later than May 25, 2023. *See* Tex. R. App. P. 26.1(a). Appellant did not move to extend that deadline. *See* Tex. R. App. P. 10.5(b)(1)(C), 26.3; *Verburgt*, 959 S.W.2d at 617; *Poard*, 2022 WL 3464863, at *1. Even if he had, however, he could not have extended the notice-of-appeal deadline beyond June 9, 2023. *See* Tex. R. App. P. 26.3. His July 12, 2023 notice of appeal was therefore untimely.

Concerned that we did not have jurisdiction over the appeal, we notified Appellant that unless he filed a response showing grounds for continuing the appeal, we could dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response styled as an appellate brief. He asserts that the trial court's April 13, 2023 order denying his motion to modify was a final judgment, which extended the trial court's plenary power an additional ninety days, and that his notice of appeal was filed on the ninetieth day after that order was signed. He also asserts that the February 24, 2023 order "should be considered interlocutory since its finality is questionable."

The trial court's February 24, 2023 order dismissed the case and stated that it finally disposed of all parties and all claims and was appealable. The order is therefore

---

[1]Because the thirtieth day fell on a Sunday, the motion to modify was considered timely when filed the next day. *See* Tex. R. Civ. P. 4.

a final judgment. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001))); *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (concluding the order was a final judgment when it included a "finality phrase"); *cf. B.Z.B., Inc. v. Clark*, 273 S.W.3d 899, 902 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that order granting motion to enforce settlement agreement was final and appealable when record did not indicate there were any "unresolved issues or parties"). However, even if this appeal had been from an appealable interlocutory order, Appellant's post-judgment motion could not have extended the appellate timeline, and his notice of appeal would have still been untimely. *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(a), (b); *Poard*, 2022 WL 3464863, at *1 n.2.

Additionally, the trial court's April 13, 2023 order is not independently appealable. *See In re Benavides*, 605 S.W.3d 234, 240 (Tex. App.—San Antonio 2020, pet. denied) ("[W]hen a timely post-judgment motion is filed, the deadline to file a notice of appeal is determined by the date of the final judgment, not the date the motion is denied."); *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (per curiam) (mem. op.) ("[A]n order denying a motion for reconsideration or motion for new trial

4

is not independently appealable."); *see also* Tex. R. App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days *after the judgment is signed*[.]" (emphasis added)).

Because Appellant's July 12, 2023 notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  September 14, 2023